UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY DELGADILLO, et al, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>DEAN AND MAI DAILY, <br><br>　　　　　Defendants. | Case No.: C 09-4999 PVT <br><br> **ORDER RE MID-DEPOSITION DISPUTE** |

On July 1, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull by telephone for hearing regarding a dispute which arose during the deposition of Defendant Mai Daily.[1] Based on the arguments presented,

IT IS HEREBY ORDERED that Defendants' objection based on the federal marital communication privilege to any deposition questions regarding confidential communications between Defendants is SUSTAINED.

Federal law governs claims of privilege in cases that include both federal and state law claims. *See, Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 458 (N.D.Cal. 1978) ("in federal question cases where pendent state claims are raised the federal common law of privileges should

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

govern all claims of privilege raised in the litigation"); *see also e.g., Fallowfield Development Corp. v. Strunk*, 1990 WL 52749, *2, *5 (1990) (applying the federal marital communication privilege to all claims in case involving both state and federal claims).[2]

The federal marital communications privilege covers statements privately communicated by one spouse to another. *See Blau v. United States*, 340 U.S. 332, 333 (1951). Marital communications are presumptively confidential. *Ibid*. Thus, the federal marital communications privilege appears to bar any deposition questions to Defendants regarding the content of their private communications.

IT IS FURTHER ORDERED that this order is without prejudice to Plaintiffs moving for reconsideration in the event they can show that either: 1) the communications they wish to ask Defendants about were not private; or 2) any other exception to the federal marital communications privilege applies to those communications.

Dated: *July 1, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Even if the California marital privilege governed, the exception cited by Plaintiffs – California Evidence Code section 973(b) – applies only to a spouse's privilege not to testify against his or her spouse, which is set forth in California Evidence Code section 970. No such exception applies to the confidential marital communication privilege set forth in California Evidence Code section 980.